**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ,

      Plaintiff,

vs.

TOM FORD INTERNATIONAL LLC, and
TOM FORD RETAIL FLORIDA LLC

      Defendants

---

## COMPLAINT

---

COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.     Plaintiff Andres Gomez brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC's website (which is an extension of its Florida retail stores), where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

2.      In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

3.      This case arises out the fact that Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendants' website www.tomford.com.

4.      Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC own and operate places of public accommodation which are upscale specialty retail stores under the brand name "Tom Ford." Tom Ford stores offer for sale to the general public clothing, leather goods, shoes, accessories, eyeglasses, fragrance, and cosmetics. Heretofore referenced as "merchandise."

5.      The Defendants offer an adjunct website www.tomford.com ("website") which is directly connected to its Tom Ford stores since the website provides a site locator to the Defendants' Tom Ford store locations (places of public accommodation). Thus, www.tomford.com has a true nexus to the Defendants' Tom Ford retail stores.

6.      This is an action to put an end to civil rights violations committed by Defendant Tom Ford Retail Florida LLC against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## JURISDICTION & VENUE

7.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

8.      This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Tom Ford merchandise online.

9.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

10.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Andres Gomez**

11.     Plaintiff Andres Gomez ("Plaintiff," or "Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

12.     Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA.  Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**Tom Ford Retail Florida LLC**

13.     Defendant Tom Ford Retail Florida LLC is the owner and operator of a chain of retail stores in Florida under the brand name "Tom Ford."  Tom Ford Retail Florida LLC is a subsidiary of Tom Ford International LLC, which is a privately held limited liability company which designs and manufactures menswear and womenswear.

14.     Defendant Tom Ford Retail Florida LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court through its retail stores located in the Miami Design District and Bal Harbor Shops, Miami, and as a nexus to the website www.tomford.com, which is available throughout the district to individuals using the internet.

**Tom Ford International LLC**

15.     Tom Ford International LLC was founded in 2005 and is based in New York City, and fully owns the subsidiary Tom Ford Retail Florida LLC. Tom Ford International LLC also creates and manufactures (through subsidiaries or contracting with third party manufacturing entities) fragrances, eyewear for men and women, footwear (men's and woman's), cosmetics, treatments, and private blend products which are all branded under the "Tom Ford" brand. Tom Ford International LLC sells its Tom Ford brand merchandise to retailers (including but not limited to department stores, specialty stores, and eyeglass/frame stores).  Tom Ford International LLC and sells its merchandise as a retailer through Tom Ford specialty stores outside of the state of Florida and though its website www.tomford.com, which operates throughout the state of Florida

4

16.     Through its website, www.tomford.com which operates throughout the state of Florida, Defendant Tom Ford International LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## FACTS

17.     The Defendants Tom Ford Retail Florida LLC and Tom Ford International LLC are defined as a "public accommodation" because each is an entity which owns and operates a chain of retail stores under the brand name "Tom Ford," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). Each of the Defendants' Tom Ford retail stores are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendants' Tom Ford retail stores are also referenced throughout as "place(s) of public accommodation," "Tom Ford stores," or "retail stores."

18.     Defendant Tom Ford International LLC's website www.tomford.com ("website") is offered to provide the general public information including but not limited to information on the various locations of the Defendant Tom Ford International LLC's Tom Ford stores throughout the United States and Defendant Tom Ford Retail Florida LLC's Tom Ford stores within the state of Florida.

19.     Defendant Tom Ford Retail Florida LLC owns and/or operates two Tom Ford stores within this district.   Those Tom Ford stores are supported by the website www.tomford.com which (while owned and operated by Defendant Tom Ford

International LLC), serves as an adjunct to Defendant Tom Ford International LLC's Tom Ford stores.

20.     Defendant Tom Ford International LLC owns and operates many Tom Ford retail stores around the world, and Tom Ford brand merchandise is sold in thousands of department stores and specialty stores throughout the United States and around the world.  The Defendants' website www.tomford.com services the various Tom Ford locations represented by its physical sales and supports Tom Ford merchandise sold through specialty retail stores and department stores, and the Tom Ford stores within this district, which are operated by its subsidiary company, co-Defendant Tom Ford Retail Florida, LLC.

21.     Since the www.tomford.com website allows the general public the ability to locate one of the many Tom Ford physical retail store locations, the website is an extension of the physical Tom Ford stores.   Therefore, the website has a direct nexus between the website and Defendant Tom Ford International LLC's Tom Ford stores and the Defendant Tom Ford Retail Florida LLC's Tom Ford stores, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

22.     The website also allows the general public access to purchase online a wide range of Tom Ford brand merchandise. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the

general public.  As such, the Defendant has subjected itself and the website it has created

and maintains, to the Americans with Disabilities Act ("ADA").[1]

23.      Plaintiff Gomez is a customer who is interested in purchasing Tom Ford

brand merchandise which is offered through Tom Ford stores and through its website

www.tomford.com.

24.      Plaintiff Gomez frequently utilizes the internet. In order to comprehend

information available on the internet and access/comprehend websites, Plaintiff Gomez

uses commercially available screen reader software to interface with the various websites.

25.      In order to comprehend the Defendant's website and to become informed

of Tom Ford brand merchandise (which other members of the general public may order

online), Plaintiff Gomez must use screen reader software.

26.      Buying and ordering Tom Ford brand merchandise sold online and having

those purchases delivered to one's home is a highly sought after accommodation that

helps improve the lives of vision impaired people such as the Plaintiff (and thousands of

others like him), and helps them integrate and participate in society.

27.      Like most of us, Plaintiff Gomez accesses several website at a time to

compares good and prices.

28.       Plaintiff Gomez is interested in purchasing Tom Ford brand merchandise.

Plaintiff Gomez had heard about the new Tom Ford retail store in the Miami Design

---

[1] "The Department of Justice has long taken the position that both State and local government
Websites and the websites of private entities that are public accommodations are covered by the ADA. In
other words, the websites of entities covered by both Title II and Title III of the statute are required by
law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve
Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  -
Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning
The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

District and decided to shop online to learn about the Tom Ford brand merchandise through its website, www.tomford.com.

29.     During May and June of 2016, the Plaintiff attempted on several occasions to utilize the www.tomford.com website to browse through the merchandise with the intent of purchasing Tom Ford brand merchandise. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

30.     However, the www.tomford.com website did not integrate with Plaintiff's screen reader software, nor was there any function within the website to permit access for visually impaired through other means.

31.     Plaintiff Gomez attempted to locate any ***Accessibility Notice*** or any information relating to the website's future accessibility plans or information regarding contacting the Defendant Tom Ford International LLC or Defendant Tom Ford Retail Florida LLC to alert the Defendants to the inaccessibility of www.tomford.com, but was unable to do so, because no such link or notice was provided[2].

32.     Due to the fact that Plaintiff Gomez could not access the www.tomford.com website, the Plaintiff felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the

---

[2] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

www.tomford.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

33.     Plaintiff Gomez continues to desire to patronize the www.tomford.com website, but is unable to do so as he is unable to comprehend the website, thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

34.     Thewww.tomford.com website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

35.     The www.tomford.comwebsite is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

36.     The www.tomford.com website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

37.     On information and belief, neither Defendant has initiated a Web Accessibility Policy to insure full and equal use of the www.tomford.com website by individuals with disabilities.

38.     On information and belief, neither Defendant has instituted a Web Accessibility Committee to insure full and equal use of the  www.tomford.com website by individuals with disabilities.

39.     On information and belief, neither Defendant has designated an employee as a Web Accessibility Coordinator to insure full and equal use of the www.tomford.com website by individuals with disabilities.

40.     On information and belief, neither Defendant has instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of the www.tomford.com website by individuals with disabilities.

41.     On information and belief, neither Defendant has instituted a User Accessibility Testing Group to insure full and equal use of the www.tomford.com website by individuals with disabilities.

42.     On information and belief, neither Defendant has instituted a Bug Fix Priority Policy.

43.      On information and belief, neither Defendant has instituted an Automated Web Accessibility Testing program.

44.     On information and belief, neither Defendant has created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

45.     On information and belief, neither Defendant has created and instituted on www.tomford.com a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendants will have the www.tomford.com website, Applications, and Digital Assets accessible to the visually impaired community.

10

46.     On information and belief, the www.tomford.com website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[3].

47.     On information and belief, neither Defendant has a Web Accessibility Policy.

48.     Thus, neither Defendant Tom Ford International LLC or Defendant Tom Ford Retail Florida LLC have provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through the website www.tomford.com.

49.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

50.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

51.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society.

52.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the www.tomford.com website.

---

[3] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

53.     On information and belief, Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC are aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of the Tom Ford brand merchandise available in their various retail store locations and available for purchase online.

54.     On information and belief, Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC are aware of need to provide full access to all visitors of the Website.[4]

55.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

56.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

57.     Thus, Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have refused to make their website accessible to individuals with disabilities who are visually impaired.

58.     According to Statistic Brain Research Institute[5], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.tomford.com and have made an internet

---

[4] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[5] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/

purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

59.     According to the National Federation for the Blind[6], there are 6,670,300 Americans with visual disabilities.

60.     The National Federation for the Blind has also reported that there are 434,600 Americans with visual disabilities living within the state of Florida.

61.     Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Gomez. The Defendants are operating in violation of Plaintiff Gomez's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

62.     Plaintiff Gomez has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendants' unlawful and discriminatory practices.

63.     Plaintiff Gomez and others will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by the court.

64.     Notice to the Defendants is not required as a result of the Defendants' failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

---

[6] Statistics for 2012, see http://www.NFB.org/blindness-statistics

65.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

66.     Plaintiff Gomez re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-65 above.

67.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[7].

68.     As a result of the inaccessibility of the www.tomford.com website and by the barriers to access in the website (when removal of those barriers is readily achievable), Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendants have made available to the general public on its website www.tomford.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

69.     Pursuant to 42 U.S.C. §12181(7)(E), www.tomford.com is a *place of public accommodation* under the ADA because it serves to augment the Defendants' chain of Tom Ford retail stores and Tom Ford brand merchandise sold in department

---

[7] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

stores and specialty stores by providing the general public information on the various locations of the Defendants' chain of Tom Ford stores and educate the general public as to the line of Tom Ford brand merchandise and also to provide the general public with the ability to purchase Tom Ford brand merchandise online.

70.    As such, Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC's website must be in compliance with the ADA.  However, website is\was not in compliance with the ADA.  Plaintiff Gomez has suffered an injury in fact because of the website's (and Defendants') non-compliance with the ADA.

71.    Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

72.    A sampling review of just part of the Defendants' website revealed that the website is not functional for users who are visually impaired.  The Defendants' website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

    1)  The language of the document is not identified,
    2)  Image alternative text is not present, and
    3)  A form control does not have a corresponding label.

73.    Further, the Defendants' website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

    1)  Alternative text is likely insufficient or contains extraneous information,
    2)  An event handler is present that may not be accessible,
    3)  A heading level is skipped,
    4)  Flash content is present,
    5)  Adjacent links go to the same URL,

6) A link contains no text, and

7) Alternative text is likely insufficient or contains extraneous information.

74.	More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

75.	Further, the Defendants' website did\does not offer include the universal symbol for the disabled[8] which would permit disabled individuals to access the www.tomford.com website' accessibility information and accessibility facts.

76.	Therefore, due to the Plaintiff's disability and the Defendants' failure to have the www.tomford.com website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the www.tomford.com website.

77.	Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have violated the ADA (and continue to violate the ADA) by denying access to their website, www.tomford.com, to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within the www.tomford.com website are ongoing.

78.	As a result of the Defendants' inadequate development and administration of www.tomford.com, Plaintiff Gomez is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

79.	Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

---

[8]  , or HTML "Accessibility" link for those individuals who are visually impaired

a) Require  Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.tomford.com to a statement as to the Defendants' policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

b) Require Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.tomford.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

80.     Plaintiff Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Gomez is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC.

WHEREFORE Plaintiff Andres Gomez hereby demands judgment against Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC and requests the following injunctive and declaratory relief:

a)     The Court issue a declaratory judgment that Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC have violated the Plaintiff's rights as guaranteed by the ADA;

b)      The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC from operating the website www.tomford.com without adequate accommodation for the visually impaired community;

c)      The Court enter an Order requiring Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

d)      The Court enter an Order requiring Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to clearly display the universal disabled logo[9] within its website, wherein the logo would lead to a page which would state the Defendants' accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.tomford.com;

e)      The Court enter an order requiring Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

---



9

f)    The Court enter an Order directing Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to evaluate their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the website known as www.tomford.com.

g)    The Court enter an Order directing Defendant Tom Ford International LLC and Defendant Tom Ford Retail Florida LLC to establish a policy of web accessibility and accessibility features for the website known as www.tomford.com.

h)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

i)    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of July, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*